# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL ENNIS, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | No. 3:05cv0522 AS |
| ) | |
| JOHN VANNATTA, ) | |
| ) | |
| Respondent ) | |

## *MEMORANDUM OPINION AND ORDER*

On or about August 25, 2005, *pro se* petitioner, an inmate at the Miami Correctional Facility in Bunker Hill, Indiana (MCF), filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on March 24, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The Attorney General has placed before this Court a series of documents designated A through G, both inclusive, which explicate in great detail the proceedings involved.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the MCF in this district. He was the subject of a prisoner disciplinary proceeding in April 2005 entitled cause number MCF 05-03-0602. Once again, this court must wade through the disciplinary process involving urinalysis. The sanction of the proceeding had included a deprivation of 90 days

earned time credit which implicates *Wolff v. McDonnell*, 418 U.S. 539 (1974). There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

Generally, the failure to present a claim during the administrative proceedings may constitute a procedural default. *See Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992). *See also Nelson v. McBride*, 912 F.Supp. 403 (N.D. Ind. 1996). The disciplinary hearing board heard from witnesses, had physical evidence from the AIT Laboratory and, including this petitioner's own statement, that is certainly enough given the entirety of this record. This petitioner has failed to establish a basis for relief under 28 U.S.C. §2254. Such relief is now **DENIED. IT IS SO ORDERED**.

**DATED:** June 8, 2006

                                                        S/ ALLEN SHARP
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**